LEWIS WINANS v. THE ESTATE OF MARY E. WINANS.

*Partnership—Real estate—Resulting trust.*

1. How. Stat. § 5569, which provides that when a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person making such payment, but the title shall vest in the person named as the alienee in such conveyance, applies where land is purchased with partnership funds, and, by consent of one of the partners, conveyed to his wife and copartner.

2. A building erected with partnership funds upon land paid for with like funds, and, with the consent of one of the partners, conveyed to his wife and copartner, is not partnership property, and a claim filed by him against his wife's estate for one-half of the insurance written on the building in favor of the estate and the copartner, and paid to them accordingly, is properly rejected.

Error to Washtenaw. (Kinne, J.) Submitted on briefs February 2, 1894. Decided February 12, 1894.

Appeal from the allowance of a claim against the decedent's estate. Claimant brings error. Affirmed. The facts are stated in the opinion.

*A. J. Sawyer,* for appellant, contended:

1. Where property is purchased with partnership funds for partnership purposes, and appropriated to partnership uses, no further proof should be, and certainly none is, required in order to establish the evident intention and agreement of the partners. In such cases, every act impresses upon the property the character of personalty; citing *Hogle v. Lowe,* 12 Nev. 286, 296.

2. The money with which this property was purchased was partnership property and fiduciary funds; citing *King v. Weeks,* 70 N. C. 372; and the holder of the legal title held it subject to the partnership trust, and her heirs received it subject to that trust; citing *Manufacturing Co. v. Hoyt,* 29 Fed. Rep. 421; *Pepper v. Thomas,* 85 Ky. 539; *Shanks v. Klein,* 104 U. S. 18; *Dupuy v. Leavenworth,* 17 Cal. 262; *Galbraith v. Gedge,* 16 B. Mon. 631.

3. Where real estate is purchased for the use of a firm, and paid for with the money of the firm, and the property actually used as firm assets, although the title be taken in the name of one of the partners, or in the name of a third person, not an innocent purchaser, the case does not fall within the statute prohibiting resulting trusts, though there may be no declaration in writing disclosing the trust, signed by the party to whom the land has been conveyed; citing *Way v. Stebbins,* 47 Mich. 296; *Greenwood v. Marvin,* 111 N. Y. 423; *Fairchild v. Fairchild,* 64 Id. 471, 479; Lindley, Part. 343.

4. Lands that are a part of a common partnership stock have in equity the character of personalty, and the legal title thereto is subordinated to the incidents of partnership funds and accounting. Partnership lands cannot, in Michigan, be distinguished from other assets for the purpose of settlement; citing *Godfrey v. White,* 43 Mich. 171; *Fairchild v. Fairchild,* 64 N. Y. 471, 479.

5. The fact that the title to partnership real estate is taken in the name of one of the partners, instead of in the name of the firm, or even in the name of the wife of one partner, does

not change the rule. In either case, the person holding the legal title, if it was purchased and paid for with partnership funds, will be treated as holding it in trust for the partnership; citing *Price v. Hicks*, 14 Fla. 565; *Williams v. Shelden*, 61 Mich. 311; *Roberts v. Eldred*, 73 Cal. 394; *Page v. Thomas*, 43 Ohio St. 38; *Bank v. Sawyer*, 38 Id. 339; *Taylor v. Farmer*, 4 N. E. Rep. 370; *King v. Weeks*, 70 N. C. 372; *Shanks v. Klein*, 104 U. S. 18; *Dupuy v. Leavenworth*, 17 Cal. 262; *Manufacturing Co. v. Hoyt*, 29 Fed. Rep. 421; *Pepper v. Thomas*, 85 Ky. 539; *Little v. Snedecor*, 52 Ala. 167; *Hoyt v. Sprague*, 103 U. S. 613; 1 Colly. Part. (6th ed.) 221 (note); *Hewitt v. Rankin*, 41 Iowa, 35; *Flanagan v. Shuck*, 82 Ky. 617; *Davis v. Smith*, 82 Ala. 198; *Shafer's Appeal*, 106 Penn. St. 49; *Fairchild v. Fairchild*, 64 N. Y. 471, 479.

6. For the purpose of adjusting the claims of the partners upon each other, and the distribution of the balance between them, partnership real estate retains its character of partnership property, and is treated as personal estate; citing *Dupuy v. Leavenworth*, 17 Cal. 262; *Shanks v. Klein*, 104 U. S. 18; *Pepper v. Thomas*, 85 Ky. 539; *Price v. Hicks*, 14 Fla. 565.

7. Improvements or buildings erected upon land, even if owned by one partner, if made by the partnership, are treated as partnership property; citing *Lane v. Tyler*, 49 Me. 252; *Scott v. McKinney*, 98 Mass. 344.

8. The money from the insurance was for the loss and destruction of the property of the firm, and the insurance became the property of the firm; citing *Tebbetts v. Dearborn*, 74 Me. 392; *Fairfield v. Phillips*, 88 Iowa, 571.

*G. W. Turnbull (J. F. Lawrence,* of counsel), for the estate.

MONTGOMERY, J. In 1877 claimant and William R. Reed, a brother of claimant's wife, engaged in business as copartners. In 1878 and 1879 a village lot was purchased, which it appears to have been the intention of the copartners to use in their business. The lot was purchased in three small parcels, and the title to each parcel was taken in the name of William R. Reed and Mary E. Winans, claimant's wife. The testimony taken at the circuit shows that a brick building was erected on the lot, at a cost of about $3,000, and paid for out of the copartnership funds.

In 1886, Mrs. Winans died. Administration was subsequently granted to her sister, Sarah A. Cole. In 1889 the building burned, and the company in which it was insured paid the insurance in equal parts to William R. Reed and the estate of Mrs. Winans, the estate, receiving $1,202.50.[1] In 1885 claimant purchased the interest of Reed in the stock, and at that time Mrs. Winans, in order to secure Reed for a portion of the purchase price, gave a mortgage of $500 on the undivided one-half of the real estate, and claimant at the same time gave to Mrs. Winans a note of like amount, which contained a condition that, if the mortgage was paid by him (Winans), the note should be void. After the fire the land was sold by Reed and the representatives of Mrs. Winans for $1,100. This claim, as originally filed, was for one-half of the insurance money received and one-half of the proceeds of the sale of the land, the claimant proceeding upon the theory that the real estate and improvements were copartnership property, and that one-half of them belonged to claimant. It transpires, however, that the estate has paid off the mortgage, and the claimant now seeks to recover one-half the insurance. The circuit judge directed a verdict for the estate, and claimant brings error.

Numerous questions are raised which relate to the procedure, but, if the circuit judge was right in holding that the claimant had no title in the real estate, or right to the avails of it, it will be unnecessary to consider the questions of practice. The claimant's contention is that the property was partnership property, and that the statute abolishing resulting trusts does not apply to partnership property. The question here does not arise in a partnership accounting, nor does it arise in a proceeding in which the rights of creditors of the firm are involved.

---

[1] The building was insured in the names of William R. Reed and the estate of Mary E. Winans.

There is nothing in the record to show that it was not entirely proper for the two partners, Reed and Winans, to devote as much of the firm assets. as were used in buying property, and conveying it or causing it to be conveyed in part to Mrs. Winans and in part to Mr. Reed. This is precisely what they did. To hold that this is firm property, and impressed with a trust in their behalf, inconsistent with such conveyance, would be to reverse the acts of the parties themselves. It is urged that the fact that the firm assets paid for the property gave it a character as firm property. We apprehend that it would be hardly contended that this was so if the firm had conveyed directly to Mrs. Winans. Nor is it more so if the conveyance is procured to be made to her. If it were possible by such a transaction to create a trust, the evidence falls far short of showing such an intention. We do not overlook the statement in claimant's brief that there was no evidence that Mr. Winans wished the property to be deeded to his wife. But an examination of the record shows that claimant testified on cross-examination as follows:.

"The deed was to run to my wife, and the mortgage was given back. * * * I think this mortgage was given by my consent. * * * When I gave Babcock [grantor of one parcel] the deed of the land, I knew he was to deed to my wife, and he did it by my consent; and when the land was bought from Kline it was also deeded to my wife. I knew it was going to be deeded to her. It was by my consent."

This testimony shows that he procured the deed to be made to his wife, or at least assented to its being so executed.

The statute (How. Stat. § 5569) provides:

"When a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made; but the title shall vest in the person named as the alienee in

such conveyance, subject only to the provisions of the next section."

This statute plainly applies, and, no creditor being concerned, the succeeding section has no application. Nor, as we have pointed out, is the claimant within the protection of section 5571, which provides that section 5569 shall not extend to cases where the alienee named in the conveyance shall have taken the same as an absolute conveyance, in his own name, without the knowledge or consent of the person paying the consideration, or when such alienee, in violation of some trust, shall have purchased the land so conveyed with moneys belonging to another person. Nor can it be said that property paid for by copartners may by them, or either of them, be placed wholly or in part in the name of a third person, and a trust result in favor of the partnership, or any member thereof. No such exception to the rule exists in favor of a copartnership. The cases arising between partners rest on very different considerations. As was said in *Way v. Stebbins*, 47 Mich., at page 299:

" They come plainly within the equities of part performance, because, the parties having acted upon them in such a way as to render it impossible to adjust their rights in any ordinary legal action, it would be a fraud to allow the legal form of the title to cut off the equities."

But no equity applies in favor of revesting a copartnership with property which is voluntarily conveyed or caused to be conveyed to a third person which does not apply with equal force in the case of a similar transfer of property by an individual. There was no error in the ruling of the circuit judge.

The judgment will he affirmed, with costs.

The other Justices concurred.