### TIFFANY *v.* TIFFANY.

1. TRUSTS AND TRUSTEES—TITLE TO LANDS—PAROL TRUST.

   Under 2 How. Stat. § 5569, providing that when a grant is made to one person, and the consideration therefor is paid by another, no trust shall result in favor of the latter, the title to land conveyed to the brother of the person furnishing the consideration, because of divorce proceedings pending against the latter, vests absolutely in the grantee, in the absence of any written declaration of trust.

2. EQUITY—VOLUNTARY CONVEYANCE—FIDUCIARY RELATIONSHIP—FRAUD.

   A grantor may have relief in a court of equity against a voluntary conveyance of land, where it appears that the deed was made by him while in a condition of partial intoxication, induced by the grantee, who stood to him at the time in a fiduciary relationship.

Appeal from Monroe; Kinne, J.   Submitted June 10, 1896.   Decided July 21, 1896.

Bill by Talcott Tiffany against George L. Tiffany and Polly A. Tiffany to set aside certain conveyances alleged to have been fraudulently procured. From a decree for complainant, defendants appeal. Modified and affirmed.

*John O. Zabel* and *Ira G. Humphrey* (*Willis Baldwin*, of counsel), for complainant.

*Charles A. Golden*, for defendants.

MONTGOMERY, J. This bill is filed to set aside and cancel certain deeds and mortgages made by complainant to defendants, and to compel the reconveyance of lands of the value of about $15,000, and to obtain an accounting for the rents and profits thereof. Two or three different transactions are set up in the bill. As to a portion of the property, the complainant claims as heir of William F. Tiffany, his father, and alleges that in 1880 William F. Tiffany purchased four lots in the village of Dundee; that at the time of the purchase he was in litigation with his wife, and that he, William F. Tiffany, was apprehensive that, should he take deeds of said property in his own name, it would give to his wife an additional advantage in the divorce proceedings then pending, and in order to save said advantage to himself, and for the protection of complainant, said deceased procured such deeds to be made to his brother, the defendant George L. Tiffany; that it was agreed between them that the title to the property should be held in trust, and that, after the trouble was over between William F. Tiffany and his wife, the defendant George L. Tiffany would convey said property to him, or to such other person as he might designate. On the 4th of March, 1882, the defendants did convey to this complainant two of the lots, subject to a mortgage. The title to the remaining two lots is still in George L. Tiffany, under the conveyance from William F. Tiffany. The bill also sets out that complainant inherited from his father 171 acres of land, and that this, together with the lots conveyed to him by defendants, were by the complainant subsequently conveyed to the defendants on the advice and at the suggestion of defendant George L. Tiffany, without consideration, and that said advice and suggestion was made with intent to cheat, wrong, and defraud complainant of the property described, and upon representations to the effect that complainant was not experienced in business matters, and, in effect, that it would be better for complainant that the title should be

vested in defendants. The circuit judge granted the relief prayed in the bill, and the defendants appeal.

1. As to the lots conveyed by complainant's father to defendant George L. Tiffany, and not reconveyed to complainant, we think the decree cannot be sustained. Section 5569, 2 How. Stat., provides that when a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made. Under this statute the title vested in defendant, and has never passed out of him. There was no written declaration of trust, and nothing has since transpired to affix a trust. See *Shafter* v. *Huntington*, 53 Mich. 310; *Barnes* v. *Munro*, 95 Mich. 612; *Winans* v. *Winans' Estate*, 99 Mich. 74.

2. As to the lands conveyed directly by the complainant to defendants, the case is not free from doubt. The learned circuit judge evidently proceeded upon the theory that defendants should be held trustees *in invitum*. It is not contended by complainant but that, in the absence of fraud, the complainant, having made such conveyances as are set out in this case, would be without remedy. But the contention is that defendant George L. Tiffany took advantage of certain confidential relations existing between himself and complainant; that he sent for him to come to his place of residence at Susquehanna, Pa.; that he represented to him that he was a justice of the peace, and had had experience in legal matters; and that he took advantage of complainant's condition of partial intoxication, induced by himself, and obtained deeds of the property. If the evidence be treated as sufficient to show an active fraud, the statute does not furnish a bar to equitable relief. See 2 Pom. Eq. Jur. §§ 949, 1055, 1056. The evidence in the case upon this point is not as satisfactory as might be desired, but the case was rested by the defendants without any testimony whatever from the defendant George L. Tiffany himself. The complain-

ant's testimony as to his condition at the time, and as to the influence exerted over him, stands entirely undisputed. The circuit judge was therefore justified in drawing the most favorable inferences in favor of complainant, particularly as the defense was entirely unconscionable; and we are not disposed to disturb the finding of the circuit judge upon the question of fact. We do not overlook the contention that is made that there is a total want of evidence to sustain the view adopted by the circuit judge, but we do not assent to that contention by the defendants' counsel.

The decree will be modified by denying the relief as to lots 3 and 4 of the Wilkerson plat of the village of Dundee, and, as so modified, will stand affirmed. Inasmuch as no costs were awarded to either party in the court below, we think the complainant ought not to be charged with costs in this court.

LONG, C. J., HOOKER and MOORE, JJ., concurred. GRANT, J., did not sit.