CHAPMAN *v.* CHAPMAN

PAROL TRUSTS — CONVEYANCE TO WIFE—AGREEMENT AS TO HUS-
BAND'S INTEREST.

No enforceable interest vests in a husband who furnishes the
consideration for a conveyance made to his wife under a
parol understanding that the property conveyed shall be
occupied as a homestead by the family, and that the husband
shall have a home there as long as he lives, since 2 How. Stat.
§ 6179 (chapter 233, § 6), provides that no estate or trust in
land shall be created unless by operation of law or by convey-
ance in writing.

ON REHEARING.

SAME—SPECIFIC PERFORMANCE—RESULTING TRUST.

Section 6183, 2 How. Stat. (chapter 233, § 10), providing that
nothing in that chapter shall be construed to abridge the
powers of the court of chancery to compel the specific perform-
ance of agreements in cases of part performance, will not aid
the husband in an attempt to enforce such parol trust against
the devisees of the wife, although he lives in the home so pur-
chased for many years, and expends large sums of money in
beautifying and improving it; particularly, in view of section
5569, providing that no use or trust shall result in favor of
the person furnishing the consideration for a conveyance to
another person.

Appeal from Wayne; Hosmer, J. Submitted Novem-
ber 8, 1895; original opinion, December 10, 1895. Re-
hearing granted March 3, 1896; final opinion, in affirm-
ance of the earlier one, September 14, 1897.

Bill by Albert J. Chapman against Grace A. Chapman
and Amanda L. Chapman to establish in complainant a
life estate in certain lands. From a decree dismissing
the bill on demurrer, complainant appeals. Affirmed.

*John Galloway* and *James H. Pound* (*Albert J. Chapman, in pro. per.*, on rehearing), for complainant.

*Ed. E. Kane*, for defendant Grace A. Chapman.

LONG, J.   The bill in this case was filed to have a life estate declared in complainant to lot 6, block 14, Crane & Wesson's section of Forsyth's farm, in the city of Detroit. The bill, in substance, sets out that, in August, 1879, complainant borrowed from one Samuel F. Hopkins the sum of $1,000 for the purpose of purchasing a home for himself and family; that the same was borrowed upon the understanding with Hopkins that it was to be used for such purpose; that complainant's wife, at that time, was informed of the purpose for which it was borrowed; and that the home so purchased was to be used and occupied by complainant and wife, as such, so long as each should live.   The title was taken in complainant's wife.   They had two children at the time of the purchase.   A mortgage was executed to Hopkins to secure the payment of the moneys.   The parties entered into possession, and continued to reside there together until the spring of 1891, when complainant's wife and daughters left the home, and went to reside elsewhere, the complainant continuing to occupy the premises and making improvements thereon.   In November following, complainant's wife died, leaving a last will and testament devising the property to her two daughters.   The bill was demurred to in the court below, and the demurrer sustained.   The claim here is that the property was held in trust by complainant's wife for him and his family.

It does not appear, by the bill, that any writing ever existed between the complainant and Hopkins in reference to these lands, or between complainant and his wife. The moneys were borrowed from Hopkins to make the purchase, and the title taken directly to the wife, and all the claim which the bill sets up to establish the life estate in complainant is shown to rest in the declarations of com-

plainant to Hopkins, and the claimed understanding between complainant and his wife, that the premises should be kept as a home for complainant and his wife during each of their lives.

Section 6179, 2 How. Stat., provides:

"No estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered, or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering, or declaring the same, or by some person thereunto by him lawfully authorized by writing."

We think there is nothing set up in the bill which would bring the case out of this statute. A resulting trust cannot be created, except by act or operation of law, or by one of the other methods pointed out by this section of the statute. All that can be said is that, under the allegations in the bill, the complainant's wife knew how the land was purchased, and agreed with her husband that it should be a home for the family and for themselves so long as they lived. The title vested absolutely in the wife, and under the statute she could devise or convey it at will, without interference of her husband.

In *Shafter* v. *Huntington*, 53 Mich. 315, Mr. Justice CHAMPLIN, speaking of this statute, said:

"Since the passage of the foregoing enactments (section 6179, 2 How. Stat.) in 1846, no express trust has ever been allowed to be ingrafted by parol on a conveyance, but has uniformly been held to be void."

One of the daughters consented to release to her father, but the other refused to do so. The circumstances stated in the bill show that the situation of the complainant is peculiarly unfortunate. He has spent many years in this homestead, expending large sums of money in beautifying and improving it, and his two daughters, defendants in this case, now claim to hold the legal title and right to immediate possession; but, whatever the hardship may be,

it is not for the courts to set aside the statute, or be guided by any other rule than that which the statute so plainly lays down.

The decree of the court below, sustaining the demurrer, must be affirmed.

The other Justices concurred.

ON REHEARING.

LONG, C. J. This cause was in this court at the October term, 1895, and an opinion was filed December 10th following. It is reported at page 144, *ante.* It was there held that complainant could not enforce the interest he claimed, as it was not in writing, and was therefore prohibited by section 6179, 2 How. Stat. A motion for rehearing was thereafter granted, and counsel for complainant now contend that this court overlooked section 6183, 2 How. Stat., which provides that—

"Nothing in this chapter contained shall be construed. to abridge the powers of the court of chancery to compel the specific performance of agreements in cases of part performance of such agreements."

That section was not overlooked. Under that section, this court has many times held that a part performance of a parol agreement for the conveyance of land, such as giving and taking possession of it, valuable improvements made thereon, etc., pursuant to such parol agreement, will take the case out of the statute. But in the present case the contract set up was, as stated in complainant's bill, that Mr. Chapman should purchase the land, pay or secure the purchase money, and that the conveyance should be made directly to his wife, with a parol agreement by the wife with Mr. Chapman that the property should be occupied as a homestead for himself and family, and that he should have a home there as long as he lived. It is this parol agreement with his wife which complainant is now seeking to enforce by his present bill. The

title was never in Mrs. Chapman until so conveyed to her by the deed from Mary Ann Hawksley, to pay the purchase price for which the money was borrowed by complainant from Mr. Hopkins. The agreement and understanding at that time was that, though complainant was to pay the purchase money, the title was to be placed in Mrs. Chapman. Complainant now seeks by the bill to ingraft upon it a trust resulting to himself. It is true that he sets up in the bill that he has been in possession of the premises since that time, and has made valuable improvements thereon, but the real claim made by the bill is that he is entitled to hold the premises for his lifetime, because it was so agreed by his wife at the time of the conveyance by Mrs. Hawksley to her; in other words, he now seeks by this parol agreement to establish a trust in himself. This is prohibited by section 5569, 2 How. Stat., which is as follows:

"When a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made, but the title shall vest in the person named as the alienee in such conveyance," etc.

The purpose of this statute is to preclude parties from asserting equitable interests in land where they must rest on parol evidence, in opposition to the written instruments of title, which have been made with their consent and approval. *Fisher* v. *Fobes*, 22 Mich. 454. Hence, under its provisions, no use or trust results or can be raised by parol in favor of one who, in the absence of mistake, fraud, or deceit, furnishes the consideration for a conveyance made with his knowledge or consent to another. *Groesbeck* v. *Seeley*, 13 Mich. 329; *Newton* v. *Sly*, 15 Mich. 396; *Harwood* v. *Underwood*, 28 Mich. 427; *Weare* v. *Linnell*, 29 Mich. 224; *Taylor* v. *Boardman*, 24 Mich. 287; *Tyler* v. *Peatt*, 30 Mich. 64; *Hooker* v. *Axford*, 33 Mich. 453; *Brown* v. *Bronson*, 35 Mich. 415; *Way* v. *Stebbins*, 47 Mich. 296; *Winans* v. *Winans'*

*Estate,* 99 Mich. 78.   See, also, note to section 5569, 2 How. Stat.   In the present case the claim made by the bill comes within the prohibition of this statute as to resulting trusts.

The decree of the court below dismissing complainant's bill must be affirmed, with costs.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. MOORE, J., did not sit.