## HALLIDAY *v.* BASEL.

1. TRUSTS — GIFTS — DELIVERY — EVIDENCE OF TRANSFER — CONSTRUCTIVE DELIVERY OF MONEY.

Payments by father of complainants as a part of the purchase price of property to be conveyed in trust to him for the benefit of his children, amounting to the sum of $250, was a gift *inter vivos,* after the creation of the trust, and it was improper to allow him a credit therefor out of the estate on an accounting.

2. SAME—RESULTING TRUSTS—CONSIDERATION.

His right to recover as for a resulting trust was barred by 3 Comp. Laws, § 8835, in accordance with which, title vested in the beneficiaries.

3. SAME—ACCOUNTING.

The payment being made four years before the trust estate came into his hands to administer, it was disconnected from the administration thereof, and was not a proper item of credit.

Appeal from St. Clair; Law, J. Submitted April 10, 1912. (Docket No. 96.) Decided May 31, 1912.

Bill by Florence Halliday and others against George Basel for an accounting. From a decree allowing defendant's account as filed, complainants appeal. Reversed.

*Bert D. Cady*, for complainants.

*Carl A. Wagner*, for defendant.

Defendant George Basel is the father of the complainants, seven in number. On July 25, 1899, one Theresa Speigle, who was the mother of Anna Basel, the deceased wife of George Basel, executed a deed of a certain house and lot in the city of Port Huron to George Basel as trustee for the seven children (complainants herein) of himself and his wife Anna. The expressed consideration in the deed is " the sum of $250 and other valuable consideration." Theresa Speigle reserved to herself a life estate in said property. She died March 14, 1903, since which time defendant has been in possession of and has managed the trust estate.

Complainants ask for an accounting from their father, for a conveyance to such of them as are entitled to receive deeds, and for the appointment of a new trustee for the minor complainants. Defendant filed his answer to the bill of complaint and included therein his account as trustee. As a disbursement under the trust he claimed credit for the sum of $250 paid by him to Theresa Speigle to obtain the deed for the benefit of the heirs of Anna Basel. The further item of $150, being 12 years' interest upon said sum at 5 per cent., was included. The balance of defendant's account was conceded by complainants to be correct.

A decree was entered in the court below allowing defendant's account as filed by him, including the two items above mentioned amounting to $400, and directing him to convey the property to complainants only when they shall pay to him the sum of $317.76, the balance found by the circuit judge in his favor. From this decree complainants appeal.

BROOKE, J. (*after stating the facts*). The only question involved in the appeal is whether the defendant should have been allowed the credit of $400 which arose from the fact that he had contributed the sum of $250 to Theresa Speigle to assist her in the purchase and creation of the trust estate. Defendant states the situation at the time of payment as follows:

"The way it came about, she (Mrs. Speigle) wanted to buy the place, and it amounted to more than the other daughter was to get, and I said, 'Seeing the place is next door, I will pay $150 or $250 in order to get it. I will pay that out for the benefit of the children.'"

Defendant paid this sum in small amounts from time to time to Theresa Speigle, who in turn paid them upon the property which she had purchased upon land contract. As soon as the contract was paid up, she took a deed from her grantor and immediately conveyed the land to the defendant in trust for his children.

It is contended by complainants that defendant should be held to be estopped from setting up this claim because its effect would be to permit a fraud against the estate of Theresa Speigle. It is true, as urged, that part of the consideration which moved Mrs. Speigle to create the trust estate was the contribution by the defendant of the sum of $250 towards the project, and it may be true that, without this contribution, Mrs. Speigle would not have created the estate at all. Her estate, however, is not a party to this cause, and is not now interested in the result.

It is next urged by complainants that the payment of the $250 by defendant should be held to be a gift *inter vivos*. An examination of the record convinces us that, at the time the defendant paid this money, he intended it as a contribution to the estate which their grandmother was about to create for the benefit of his children. His subsequent remarriage and obvious estrangement from his children by his first wife has apparently changed that intention. Is he now in a position to insist upon its return to him? We are of opinion that he is not.

In *Holmes* v. *McDonald*, 119 Mich. 563 (78 N. W. 647, 75 Am. St. Rep. 430), this court said:

"To constitute a gift *inter vivos* there must be a delivery of the thing given, either actual or constructive. It is not necessary that it be delivered to the person intended directly; it may be delivered to some person for him, or to a trustee for that purpose; but in all cases such a disposition of it must be made in favor of the donee as effectuates the object and places the *jus disponendi* beyond the power of the donor to recall"—citing *Love* v. *Francis*, 63 Mich. 181 (29 N. W. 843, 6 Am. St. Rep. 290).

It is, we think, clear that, in making the payments in question to Theresa Speigle, defendant did so with the knowledge and intention that they should be used together with her own money in the creation of the trust estate.

After their payment by him to her and her application of them to the agreed purpose, it seems plain that defendant could not have recovered them from her. He had lost all power of disposition over them. So far as is disclosed by this record, Theresa Speigle was under no obligation to make defendant trustee for his children. Had she chosen to name a stranger as such trustee, we think it would hardly be contended that defendant could recover from the trust estate the amount he had voluntarily contributed thereto. The fact that defendant rather than a stranger was made trustee in no wise changes the legal situation.

The statute (3 Comp. Laws, § 8835) is a complete bar to defendant's right to recover the money paid *out of the estate.* It provides:

"When a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made; but the title shall vest in the person named as the alienee in such conveyance," etc.

This is precisely what was done in this case. Defendant paid (in part) the consideration for the grant to his

children. By reason of such payment no use or trust arose in his favor, but the title vested absolutely in his children.

It is said by defendant that:

"Where the trustee advances money toward securing the property which is to constitute the trust estate, he may credit himself with the amount so advanced." 28 Am. & Eng. Enc. Law (2d Ed.), p. 1092, and cases cited.

An examination of the cases cited in support of this excerpt from the text will at once demonstrate that they have no bearing upon the case at bar. Here the money was advanced, not by a trustee, but by a father "for the benefit of his children" long before the trust was created, and at least four years before he entered upon its administration. Its payment by him was wholly unrelated to the administration of the trust, and the item had no proper place in his account as trustee.

The decree of the circuit court will be modified by deducting from defendant's account the two items aggregating $400. Complainants will recover costs of both courts.

MOORE, C. J., and STEERE, McALVAY, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.