## CRANE v. READ.

1. MORTGAGES—DEED AS SECURITY—EVIDENCE.
> Evidence of complainant that defendant advanced to him the purchase price of a farm, taking title as security, denied by defendant and his witnesses, who claimed that the transaction was a purchase by defendant, is found to be insufficient to overcome the presumption that the deed conveyed the title in fee to defendant.[1]

2. TRUSTS—STATUTES—RESULTING TRUSTS.
> Under 3 Comp. Laws, § 8835, 4 How. Stat. (2d Ed.) § 10675, abolishing any resulting trust if the title of real property is taken in the name of one person, when the consideration is paid by another, defendant could not be required to convey the farm to complainant on tender of the price.

[1] As to whether a deed absolute on its face, but intended as a mortgage, conveys the legal title, see note in 11 L. R. A. (N. S.) 209.

Appeal from Washtenaw; Kinne, J. Submitted October 11, 1912. (Docket No. 45.) Decided November 8, 1912.

Bill by George C. Crane against George Read and another to have a deed declared a mortgage. From a decree dismissing the bill, complainant appeals. Affirmed.

*John W. Dwyer* and *Frank A. Stivers,* for complainant.

*J. F. Lawrence,* for defendants.

STONE, J. The bill of complaint in this cause was filed to have a certain deed construed to be a mortgage, and that the complainant be decreed to have all the rights, claims, and privileges of a mortgagor, and be permitted to redeem therefrom in accordance with the terms of an alleged agreement entered into with the defendant George Read, and that the defendants may be decreed to execute and deliver to complainant a deed of the farm in question according to the terms of an alleged agreement and understanding between complainant and defendant George Read. The parties are all residents of the township of Pittsfield, Washtenaw county. The complainant resides upon the farm in question, and the defendants own and occupy a farm across the highway from the farm occupied by complainant. On February 3, 1909, the complainant entered into a written lease of, and option to purchase, with one Charles F. Pardon, administrator of the estate of Gustav H. Wiederhoft, deceased, the said Wiederhoft farm (being the farm in question) for one year beginning March 15, 1909, and ending March 15, 1910, at the rental of $150, to be paid on September 15, 1909. The party of the first part reserved the right to enter and remove gravel from gravel pit. The said lease contained the following provision:

" Said party of the second part shall have the privilege of purchasing said above-described lands and premises, within the term of this lease, for the sum of $3,300.00,

and if he so purchases, the rent stipulated in the lease to be paid by him shall apply as a part of said purchase money above agreed upon; and it is also agreed that, in case of said purchase, the amount of money received by said party of the first part for gravel sold from said gravel pit as aforesaid shall also be applied as a part of the purchase money."

Complainant immediately took possession of the farm in accordance with the terms of said lease and option, and he is still in possession. Complainant gave his note to said Pardon for the rental of $150, with interest at 6 per cent., payable in six months. When this note became due, complainant, not having the money with which to pay it, applied to defendant George Read to borrow the money. The latter agreed to loan the money to complainant, providing complainant would give him his note for the amount, and secure it by an assignment of the lease and option. This was done. The following assignment was indorsed upon said lease and signed by complainant:

" For value received I hereby assign unto George Read the within lease and option.
"Dated Sept. 20, 1909.

"GEORGE C. CRANE."

The note of complainant was made and delivered, reading as follows:

"$150.00.          ANN ARBOR, MICH., Sept. 20, 1909.
"On or before ninety (90) days after date, I promise to pay to the order of George Read one hundred and fifty dollars at First National Bank, Ann Arbor, Mich., with interest at the rate of six (6) per cent. per annum after date. Value received.
"This note is secured by assignment of lease and option dated Feb. 3, 1909, on farm in Pittsfield township, said lease to be assigned to maker on payment of this note."

The $150 was accordingly loaned to said complainant, and the rental paid and indorsed on the lease.

It is the claim of the complainant that he, desiring to purchase the said farm under the terms of the lease and option, before said option expired, applied to defendant

George Read for a second loan, this time for a loan sufficient to purchase the farm; that said defendant consented to loan the amount necessary, providing said complainant would permit said defendant to take the deed of the farm in the latter's name as security for the total amount advanced, said defendant stating that he preferred to loan in this way rather than take a mortgage. It is claimed that complainant agreed to this proposition, it being understood between them that said defendant would convey the said farm to complainant on payment of the amount of the loan with interest; that, in accordance with this agreement, Charles F. Pardon, administrator of the Wiederhoft estate, deeded the said farm to George Read, defendant, understanding that said conveyance was for complainant, and that said defendant was to hold the deed as security until such time as complainant would pay the amount due to said defendant; that the deeds from the Wiederhoft estate to said defendant were made upon the understanding that they should be considered as security for the payment of the money, which said Read then and there advanced to enable the complainant to secure the said farm under the option; that in taking the said deeds the said defendant agreed with complainant to reconvey the said farm to complainant within one year, or before that time, if complainant had the money ready to pay the amount due said defendant because of his advancements; that complainant permitted the farm to be conveyed to said defendant because he had confidence in the latter and trusted him to do as he agreed on account of being neighbors and friends; that, although the deed to said defendant is absolute on its face, yet, in fact, it was intended as a security for the payment of the money advanced by said defendant for the benefit of complainant; that ever since the delivery of the lease and option complainant has been, and still is, in the actual possession and occupation of said farm without objection or hindrance from said defendant, or from any other person; and that complainant has always been ready to perform his part of the agreement,

and for that purpose, on March 18, 1911, he presented to the defendants a deed for them to sign, and at the same time tendered the full amount due them in cash, to wit, $3,536.90, and that said sum was the amount due said defendant George Read according to his own figures, and that said defendant refused to sign said deed or accept the money tendered.

We have here stated the position and claim of complainant as set forth by his solicitor. It may be said in brief that each and every material claim of the complainant is denied by the defendants. There is an absolute and direct contradiction in the testimony in the case in relation to the taking of the deed by the defendant Read of the land in question as security. It is conceded by said defendant that the lease and option were assigned to him to secure the loan of the $150. It is the claim of defendant George Read that complainant not only did not pay the $150 note when due, but that he has never paid it; that the lease and option expired on March 15, 1910, and that about four days later, and on March 19, 1910, Mr. Pardon being at liberty to sell the property to him, the defendant Read purchased the farm and paid for it; that the deeds were drawn and delivered in the probate office, and that complainant had nothing to do with the transaction, and was not even present; that said defendant bought the farm absolutely; and that complainant had nothing to do with the transaction. Among other things, the defendant George Read testified as follows:

"Towards the time that the option would expire, I cannot remember dates, but Mr. Crane came up occasionally, and he wanted to know one day if I would buy the place and sell it to him on a contract. I told him that I did not like to do that, I did not like to deal in contracts, and I would not do it. Then he wanted to know how much money I would put into it and take a mortgage on it. I told him I would put in $2,000, and take a mortgage on it, and, if he could raise the rest, he could do it in that way. He could not do that, or did not. Some time after that, when he was dealing with those parties in Ohio, he

came to me and wanted to know if I would lend $1,000, and take a mortgage on the place. I told him I would, but I never heard any more of it, never any more was said to me about a mortgage.    *    *    *

"Q. Finally you had a talk with Mr. Crane about buying this place, what was that over in your house when you said you would rent it to him?

"A. I told him then, it was either the time he wanted me to put up $2,000 and I told him I would, or the time we were talking about the land contract. I told Mr. Crane that if he could not buy the place I would buy it and rent it to him for $150, the same he was paying, 'and I will give you this $150 that you are owing me for the note for your bargain.' That is what I told him."

Without quoting further from the testimony, it is sufficient to say that it is the claim of the defendant Read that nothing came of these conversations, but that, after the lease and option had expired, he purchased the property absolutely from the estate, and that there was no understanding between him and complainant, nor between him and the grantor or grantors of the farm, that the purchase was in any way or manner for the benefit of complainant. The evidence of Mr. Pardon tends to support the claim of the defendant Read. That the complainant has persisted in remaining in possession of the farm is not denied, but it is the claim of said defendant that complainant is there without right. Every claim of the complainant material to his recovery is denied by the defendants, except the facts of the tender and the refusal to make a deed. The circuit judge who heard and saw the witnesses testify dismissed the bill of complaint.

A careful reading and consideration of the record have brought us to the conclusion that the complainant has not made out his case by even a preponderance of the evidence. In this class of cases the proof ought to be sufficient to overcome the presumption that the instrument in question truly represents the transaction in its entirety. *Schmidt* v. *Barclay*, 161 Mich. 1 (125 N. W. 729, 20 Am. & Eng. Ann. Cas. 1194).

So far we have treated the case as presenting a question of fact only. It is the contention of defendants' counsel that a fundamental and fatal objection to the complainant's claim is the fact that the statute is a complete bar to his right to recover. Section 8835, 3 Comp. Laws (4 How. Stat. [2d Ed.] § 10675), provides as follows:

"When a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made; but the title shall vest in the person named as the alienee in such conveyance, subject only to the provisions of the next section."

It is urged that in this case the complainant advanced no money whatever for the purchase of the land in question, but the whole consideration was advanced by the defendant Read; and there was no writing in relation to the transaction outside of the deed from a third party which was absolute on its face. It is said that this section of the statute proceeds on the assumption that the person requesting and directing the conveyance furnished and supplied the consideration for the purchase of the land; that the fact that the defendant supplied the purchase money, and that such purchase money was paid by him, does not in any way change or alter the rule that brings this case within the statute; and that an express direction does not, and will not, result in favor of the complainant, although he requested and directed the conveyance to be made to the defendant, which claim, however, is expressly denied by the defendants. It is claimed that this doctrine finds support in the recent cases of *Halliday* v. *Basil*, 170 Mich. 489 (136 N. W. 354), and *Longe* v. *Kinney*, 171 Mich. 312 (137 N. W. 119). See, also, *Taylor* v. *Boardman*, 24 Mich. 287; *Tiffany* v. *Tiffany*, 110 Mich. 219 (68 N. W. 127); *Desmond* v. *Myers*, 113 Mich. 437 (71 N. W. 877); *Chapman* v. *Chapman*, 114 Mich. 144 (65 N. W. 215, 72 N. W. 131); *Hamilton* v. *Wickson*, 131 Mich. 71 (90 N. W. 1032).

Counsel for complainant claim that section 8835 has no application in this case; that complainant is not seeking to establish a trust, and that in all cases that have been before this court it has been held that a deed absolute in form may be proved by parol to have been intended as a mortgage—citing many familiar cases. Complainant's counsel further claim that in *Gamble* v. *Ross*, 88 Mich. 315 (50 N. W. 379), exactly the same state of facts existed; that Gamble had a contract with Webber, who owned the lands in fee. At Gamble's request, Webber conveyed the lands to Ross, and the conveyance was held to be a mortgage from which Gamble might redeem. We think that the case cited can be distinguished from the instant case in this: In that case the written assignment of the contract to Ross contained this language:

"And hereby authorizes said Webber to make, execute and deliver to them (the Rosses) the warranty deed of said land specified in said contract to said first parties in said contract of December 30, 1889, for the purposes aforesaid."

Upon that subject this court said, at page 330 of 88 Mich. (50 N. W. 383):

"These papers must be construed together. While the deed is absolute in form, yet the contracts with it clearly evidence the intention of the parties. It was not intended by Gamble, nor understood by the Rosses, that the Rosses were to have the title absolutely in fee. The deed was intended as a mere security, and the conditions upon which the Rosses took it are clearly indicated in the assignment of the contract executed on the same day—*i. e.*, a reconveyance of the land upon the performance of these conditions. It must therefore be treated as a security, or, in other words, a mortgage."

In the instant case, construing all the papers together, the deed coming from a third party to defendant George Read, who paid the consideration, the transaction, considered as a whole, is more consistent with the claim of said defendant than with the claim of complainant. We think that the statute cited applies in this case. So, in

either view of the case, we are of the opinion that the circuit judge reached the correct result, and the decree below is affirmed, with costs to the defendants.

MOORE, C. J., and STEERE, BROOKE, KUHN, and BIRD, JJ., concurred with STONE, J.

OSTRANDER, J. . I concur upon the ground that the evidence does not support the complainant's case.

McALVAY, J., concurred with OSTRANDER, J.