No. 10,516.

## MOORE ET AL. *v.* COTTINGHAM ET AL.

MARRIED WOMAN.—*Trustee.—Conveyance.—Parol Trust.—Evidence.— Wife's Separate Deed.*—Where a husband and his wife convey his real estate to their son, who conveys the same to the wife in pursuance of a parol agreement that the wife will hold such land in trust for the husband, and the wife thereafter, in execution of such trust, by her separate deed, conveys such land to the son who conveys the same to the husband, proof of such facts is admissible for the purpose of showing that the wife held said land in trust for her husband, and her separate deed, in execution of such trust, is sufficient to convey such land.

SAME.—*Husband and Wife.*—A parol trust concerning lands can not be enforced, nor is the separate deed of a married woman sufficient to convey lands of which she is the beneficial owner.

SAME.—A parol trust may be shown, not for the purpose of enforcing it, but for the purpose of showing that it has been fully executed, and when a married woman holds lands in trust she may execute the same by her separate deed.

From the Hamilton Circuit Court.

*D. Moss, R. R. Stephenson* and *W. S. Christian,* for appellants.

*W. Garver* and *F. B. Pfaff,* for appellees.

BEST, C.—This action was brought by the appellants against the appellees to obtain an injunction. The court, upon request, found the facts specially, and stated its conclusions of law thereon. The facts found are these:

1st. That in the year 1867, one John Moore, the father of the appellants, was the owner in fee of the land in the complaint described, situated in Hamilton county, Indiana, and was also the owner of $1,200 worth of personal property; that "being a man of dissipated habits, and extravagant while dissipating," he transferred all his personal property to one of his sons for the purpose of paying his debts, and at the same time he and his wife Louisa conveyed said land to one of his sons, Marion Moore, who thereupon conveyed the same to said Louisa Moore; that each of said conveyances was absolute in form, and was made pursuant to a parol agreement between all of said parties, that the title should be held by said Louisa, wife of said John, in trust for him, in order to preserve the property and to prevent him from squandering it while dissipating, and for no other purpose.

2d. That said conveyances were made in good faith by all the parties, and with no intention to defraud any one.

3d. That after said conveyances were made said John retained possession of, and exercised dominion over, said land as before, and said Louisa lived upon said land with her husband as she had done for many years before, and not otherwise.

4th. That a few years after said conveyances were made said John became dissatisfied with the arrangement, and, wishing to resume the title, his wife conveyed the land to her said son without said John joining her in such conveyance, and said son thereupon conveyed said land to his father, said John, in execution of said trust.

5th. That, after said last named conveyances, said Louisa Moore departed this life intestate, leaving one John E. Moore and other children and her husband surviving her as her only heirs at law.

6th. That said John afterwards conveyed said land to the appellants, who, by virtue of such conveyance, claim to own the land in fee simple.

7th. That, at the death of Louisa, the appellee Cottingham held a judgment against John E. Moore, rendered in the Hamilton Circuit Court, which became a lien upon such interest in said land as said John E. may have inherited from his mother; that an execution issued upon said judgment had been placed in the hands of said Semans, sheriff of said county, who had levied upon an undivided interest in said land, and threatened to sell the same as the property of said John E. Moore to satisfy said writ, etc.

Upon these facts, the court concluded that the trust attempted to be created was void; that the separate deed of Louisa Moore to her son, her husband not joining therein, was void; that said Louisa died the owner of said land, and that an undivided interest therein was subject to the lien of the appellees' judgment.

The appellants excepted to the conclusions of law, and these are assigned as error.

It may be conceded that an express parol trust concerning lands such as is found in this case can not be enforced, as it is within the express inhibition of our statute. R. S. 1881, section 2969.

It is also conceded that if no trust existed the deed of the

wife, in which the husband did not join, conveyed no title to the son, as such deed is void. *Scranton* v. *Stewart,* 52 Ind. 68.

The questions, however, are not whether the trust can be enforced, or whether the separate deed for the land of a married woman is void, but whether such trust can be proved for the purpose of showing that the same has been executed, and whether the separate deed of a married woman in execution of such trust is valid.

The statute of frauds is a bar to the enforcement of a parol contract concerning lands, but the statute does not render such contract illegal, and the parties may perform the contract if they think proper. *Abbott* v. *Draper,* 4 Denio, 51 ; *Stone* v. *Dennison,* 13 Pick. 1.

Whether such trust exists may be shown, not for the purpose of enforcing it, but for the purpose of showing that it has been fully executed. 1 Perry Trusts, section 77 ; *Eaton* v. *Eaton,* 35 N. J. L. 290.

Such trust, as before remarked, can not be enforced, but if it has been executed the same will be upheld and sustained, and for this purpose proof of the facts will be allowed though the trust rests in parol.

The facts found show that the wife took the title in trust for the husband, and were this trust such as could have been enforced, this fact would be enough to defeat the appellees, as a trust estate is not liable for the debts of the trustee nor of those who represent him by inheritance. *Hollingsworth* v. *Trueblood,* 59 Ind. 542.

This trust, however, could not have been enforced, and, therefore, in order to shield the property from the claim of the appellees, it was necessary to show that the trust had been executed. This was attempted by showing that the trustee, a married woman, had, in execution of it, made a deed in which her husband did not join. Was that conveyance sufficient to execute the trust? We think it was. Had she been the beneficial owner of the land the deed made would have been worthless, as a married woman has no power to convey her lands

unless the husband join in the conveyance. R. S. 1881, section 2921; *Scranton* v. *Stewart, supra.*

This rule, however, does not apply to lands held by her as trustee, but by the express terms of the statute applies to the "lands of the wife," *i. e.,* those of which she is the beneficial owner. As to those held by her as trustee she is under no legal disability, but possesses the same capacity as though she were *sole.* Perry Trusts, section 48, and authorities cited.

This must be the rule, as it is well settled that a married woman may be a trustee even for her husband, and she may be compelled to execute her trusts. If this trust had been declared in writing, it could have been enforced against her, but in such case all that could have been required would have been her conveyance of the property in execution of the trust. This must in the very nature of things be so, especially in view of the fact that the husband was himself the *cestui que trust.* If then the wife could only have been required to convey the land in execution of the trust, it must follow that her conveyance of it voluntarily made, amounts to a complete execution of the same. The husband could not have been required to unite in the deed, and therefore the deed of the wife was sufficient. It, therefore, appears to us that the trust found by the court to exist may be proved to show that the deed made was in execution of such trust, and that it was sufficient for such purpose.

This conclusion is based upon the assumption that the trust created required the wife, when the causes that induced it ceased to exist, to reconvey the property to the husband, and we think it fairly inferable from the facts stated and the conduct of the parties, that the purpose for which it had been conveyed had been fully accomplished. Under these circumstances, it becomes the duty of the wife, as trustee of the husband, to reconvey the property, and this conveyance was a complete execution of the trust. Perry Trusts, section 352.

For these reasons we are of opinion that the title to the property was not in the wife at the time of her death, and that

---

the court erred in its conclusions of law upon the facts found. The judgment should, therefore, be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be reversed in all things, at the appellees' costs, with instructions to state conclusions of law in accordance with the foregoing opinion, and to render judgment thereon in favor of appellants.

Opinion filed at the November term, 1882.
Petition for a rehearing overruled at the May term, 1883.