Filed Sept. 23, 1885.

———————◇——— · ——

No. 12,038.

## HAYS ET AL. *v.* REGER.

PAROL TRUST IN LAND.—*When May be Averred and Proved.*—*Judgment.*—A parol trust in land, which has been executed, may be averred and proved for the purpose of showing that the apparent owner had no interest which was subject to the lien of a judgment against him.

SAME.—*Equity.*—A court of equity will confine the lien of a judgment to the actual interest of the judgment debtor in the property.

SAME.—*Estoppel.*—The fact that goods were sold to the apparent owner on the faith of his title, which is not shown to have been of record, will not, in the absence of fraud, where the actual owner remains in possession and has no knowledge of the credit so extended, work an estoppel.

From the Marion Superior Court.

*J. L. McMaster* and *A. Boice,* for appellants.

*I. Klingensmith,* for appellee.

MITCHELL, C. J.—On the 15th day of August, 1872, William Reger was the owner of a lot in Davidson's heirs addition to the city of Indianapolis. On that day, his wife joining, he conveyed it to John Stumph by an absolute deed.

This conveyance was made without any consideration, and upon a parol trust, that the title should be held for the benefit of Reger, who remained in possession and paid the taxes.

On the 9th day of February, 1878, by the direction of Reger, Stumph and wife conveyed the lot to the appellee, Reger's wife.

While the title was in Stumph in the manner stated, Hays and Wiles recovered a judgment against him in the Marion Superior Court.

After the lot was conveyed to Mrs. Reger, the city of Indianapolis, by due proceedings, condemned it for street purposes, assessing her damages at $412.50. This sum was paid into the city treasury. Hays and Wiles claimed the money, or part of it, from the city treasurer, on account of the alleged lien of their judgment which was acquired while the legal title was in Stumph.

This suit was brought by Mrs. Reger against the city and its treasurer and Hays and Wiles, for the purpose of establishing her right to the money.

The determination of a single question, which is raised in the record in various ways, settles all there is in the case.

Appellants claim that because the deed from Reger and wife to Stumph was absolute, and the alleged trust in favor of Reger rested in parol, the lot was bound by the lien of the Hays and Wiles judgment, and that it was, therefore, not competent to aver and prove the parol trust. There is no claim of any fraud in the transaction.

It is averred in an answer, to which a demurrer was sustained, that the judgment of Hays and Wiles was rendered upon a note executed by Stumph to them, and that the consideration of the note was goods and merchandise sold by them to him on the faith that he was the owner of the lot.

The question is not whether the parol trust may be enforced, but, the parties having voluntarily executed it, is it competent to aver and prove that it existed in order to defeat the apparent lien of Hays and Wiles' judgment?

The case can not be distinguished in principle from *Moore* v. *Cottingham*, 90 Ind. 239, in which it was decided in a well considered opinion by BEST, C., that although the trust rested

in parol, since it had been executed, proof of the facts will be allowed, as against the claim of a judgment creditor.

It is insisted ·that *Moore* v. *Cottingham, supra,* effects a virtual abrogation of section 2969, Ř. S. 1881, which inhibits the creation of trusts concerning lands, unless such trusts arise by implication of law, or are created by writing signed by the party creating the same. We think no such consequences follow from the decision referred to.

This statute, as also the statute·of frauds, was enacted, not that parties might avoid trusts which were executed, but rather to enable them, in case of an attempt to enforce such trusts while they remained executory, to insist on certain modes of proof in order to establish them.

The trust having been executed, we need not determine whether it was one arising by implication of law, or whether it was an express trust. Whether it was one or the other, the parties having voluntarily executed it, the authorities are that it may be proved by parol for the purpose of showing that the apparent owner had no interest which was subject to the lien of a judgment against him.

In the case of *Sieman* v. *Austin,* 33 Barb. 9, a judgment creditor sought to subject the interest of an apparent owner of land to the lien of his judgment after such owner had conveyed it to the real owner in execution of a trust with which he had been invested by parol. The trust seems to have been an express trust, and the direct question was made, whether parol evidence was, under the circumstances, admissible to show the nature of the transaction. It was there said: " The law refuses its aid to enforce agreements creating trusts or charges upon lands, when they rest altogether in parol, not because the trusts are therefore void, but because it will not permit them to be proved by such evidence. But when a person who has received the title to lands purchased for the benefit of another, although without having declared the fact in writing, recognizes and fulfils the trust, it is not the duty of the court to deny its existence. * * * A debtor will not be

permitted to convey away his property, either real or personal, and relieve it from the encumbrances occasioned by his debts; but there is nothing to prevent his restoring to others their property if it has been placed in his hands. Nor is there any reason why the property of others should be subjected to the payment of his debts, if he is honest enough to refuse to avail himself of an opportunity to use it for that purpose." See, also, *Borst* v. *Nalle,* 28 Grat. 423.

The interest which the lien of a judgment affects is the actual interest which the debtor has in property, and a court of equity will always permit the real owner to show, there being no intervening fraud, that the apparent ownership of another is or was not real, and when the judgment debtor has no other interest, except the naked legal title, the lien of a judgment does not attach. *White* v. *Carpenter,* 2 Paige, 217; *Keirstled* v. *Avery,* 4 Paige, 9; *Thomas* v. *Kennedy,* 24 Iowa, 397; *Brown* v. *Pierce,* 7 Wall. 205. A court of equity will confine the lien of a judgment to the actual interest of the judgment debtor in the property. *Monticello, etc., Co.* v. *Loughry,* 72 Ind. 562.

The appellants are neither parties nor privies to the transaction which they assail, and they will not be heard to object to it on account of the nature of the evidence by which it is proved, since the parties themselves have executed it and are satisfied with it. *Dixon* v. *Duke,* 85 Ind. 434; *Morrison* v. *Collier,* 79 Ind. 417; *Savage* v. *Lee,* 101 Ind. 514.

As Stumph had nothing but the naked legal title to the lot, Reger remaining in possession, and as it does not appear that there was any fraud or concealment, or that Stumph's deed was of record even, or that Reger had any knowledge of the credit extended to him, the fact that goods were sold to him on the faith of his title can not estop the appellee to show her right. We find no error in the record.

Judgment affirmed, with costs.

Filed May 26, 1885; petition for a rehearing overruled Oct. 16, 1885.