DESMOND *v.* MYERS.

TRUSTS—FRAUDULENT CONVEYANCES—CONSIDERATION.

    Property taken by a husband in the name of his wife under a verbal agreement that such conveyances should thereafter be made as he should be advised would vest title in them jointly, and subsequently deeded to a third person to be reconveyed to the husband and wife, will not be subjected to the claims of creditors of the wife, who levy thereon after the agreement has been carried out in good faith, merely because the wife, under 2 How. Stat. § 5569, providing that no trust shall result in favor of a person furnishing the consideration for a conveyance to another, was at liberty to refuse to carry out the parol agreement.

Appeal from Wayne; Lillibridge, J. Submitted June 8, 1897. Decided June 28, 1897.

Bill by Frank C. Desmond against Lucy A. Myers and Jefferson P. Myers in aid of execution. From a decree dismissing the bill, complainant appeals. Affirmed.

The following finding by the court is a good and sufficient statement of the case, and we adopt it:

"This is a bill in aid of execution. The complainant obtained a judgment for $227 against the defendant Lucy Myers, and he has levied to satisfy that judgment upon a certain lot described in the bill of complaint. Now, the levy was made on the 13th day of May, 1896. Prior to the 20th day of December, 1895, that lot stood in the name of Lucy Myers. On the 20th day of December, 1895, Lucy Myers, in pursuance of an agreement or arrangement between herself and her husband, which the testimony shows was contemporaneous with the taking of that title in herself, conveyed that property to one Smith, and Smith, in pursuance of the same arrangement, deeded it to Mrs. Myers and Mr. Myers. The testimony is uncontradicted here that, when this lot 13 was bought, Jefferson Myers furnished the consideration for it,—the entire consideration; and that he took that deed in the name of his wife with the intention of creating a homestead, and ultimately taking title in the name of himself and wife as joint tenants. Now, while it is true that section 5569 of the statute provides that Jefferson Myers might not have had an action against his wife which he could enforce against that property, yet it is established, as I think, by the cases which have been cited from the Michigan Reports, that such an arrangement or understanding or agreement between a husband and wife is valid, and that, if the conveyance is made subsequently in pursuance of that, it is not a fraud against creditors. Now, I see no reason to doubt the testimony of Mr. Myers in the case. In fact, I believe it,—that he did furnish the consideration for this property, and Mrs. Myers furnished no money for it, and that he took the title as he states, with the intentions stated by him. It appears that this arrangement was carried out the 20th of December, 1895, and that judgment in this case against the defendant was rendered May 1, 1896, so that I do not perceive any actual or legal fraud in the transfer of this property to Jefferson Myers and his wife."

*Charles C. Stewart,* for complainant.

*Jonas B. Houck,* for defendants.

GRANT, J. (*after stating the facts*).   Mr. Myers had
no enforceable trust in this land.   2 How. Stat. § 5569:

"When a grant for a valuable consideration shall be
made to one person, and the consideration therefor shall
be paid by another, no use or trust shall result in favor of
the person by whom such payment shall be made, but
the title shall vest in the person named as the alienee
in such conveyance, subject only to the provisions of
the next section."

But Mrs. Myers recognized her moral obligation to
carry out the parol trust reposed in her by her hus-
band.   She executed it by deeding the land before com-
plainant had obtained any lien upon it.   Such a trustee is
entitled, in both law and morals, to recognize the trust,
and to convey to his *cestui que trust* at any time before
a valid lien has been placed upon the land.   Where such
a transaction is, as in this case, stamped with honesty,
the creditors of the trustee have no rights superior to
those of the party who paid for the land, and to whom
it had been conveyed before any lien has attached.   Why
should one keep for his creditors property which in honor
belongs to another?   *Popendick* v. *Frobenius,* 66 Mich.
317; *Cottrell* v. *Smith,* 63 Iowa, 181; *Patton* v. *Cham-
berlain,* 44 Mich. 5.   When the trust, though not en-
forceable by reason of the statute, has been carried out,
the question under the statute of frauds has been elimin-
ated, and becomes immaterial.   *Sackett* v. *Spencer,* 65
Pa. St. 89; *Barber* v. *Milner,* 43 Mich. 248; *Moore* v.
*Crawford,* 130 U. S. 122.   In the last case, at page 129,
the court say:

"There is no rule of law which prevents a party from
performing a promise which could not be legally enforced,
or which will permit a party, morally, but not legally,
bound to do a certain act or thing, upon the act or thing
being done, to recall it, to the prejudice of the promisee,

on the plea that the promise, while still executory, could not, by reason of some technical rule of law, have been enforced by action."

We, of course, are not passing upon a case where there is actual fraud, or where credit has been extended by the creditor upon the faith that his debtor owns the land.

Decree affirmed, with costs.

LONG, C. J., MONTGOMERY and MOORE, JJ., concurred. HOOKER, J., did not sit.