Argued 25 January; decided 12 March, 1900.

## RICHMOND *v.* BLOCH.

[60 Pac. 385.]

VALIDITY OF EXECUTED PAROL TRUST—FRAUDULENT CONVEYANCE.—Where
a husband conveyed land by absolute deed to his wife, on the parol trust that
she should hold it in trust for their children, her conveyance of the land to the
children will be upheld as against her creditors, though executed after their
claims accrued.

From Multnomah : JOHN B. CLELAND, Judge.

Bill by F. L. Richmond and others against Adelaide Bloch and her children to set aside a conveyance of certain real property.  Defendants appeal from a decree for plaintiffs on the pleadings.                 REVERSED.

For appellants there was a brief and an oral argument by *Mr. James Gleason*.

For respondents there was a brief over the names of *Chamberlain & Thomas*, *Williams*, *Wood & Linthicum*, and *R. & E. B. Williams*, with an oral argument by *Mr. Geo. E. Chamberlain*.

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

The plaintiffs commenced this suit November 6, 1897, to set aside the deed of the defendant Adelaide Bloch, conveying certain real property to her children and co-defendants, Bessie, Viola, Sophie, and Bertha Bloch, and to subject said property to the satisfaction of a judgment given and rendered in the Circuit Court of the State of Oregon for Multnomah County, June 30, 1897, in favor of the plaintiff F. L. Richmond and against the defendant Adelaide Bloch and others, for the sum of $1,300, and $94.15 costs and disbursements.   The action in which the judgment was rendered was commenced March 27, 1897, and was for a malicious prosecution instituted by the defendants therein against Richmond March 9, 1897.   The conveyance complained of was made March 31, 1897, which it is alleged was voluntary, and made for the purpose of cheating, wronging, and defrauding the plaintiffs, and preventing them from realizing the amount due on said judgment.   The plaintiffs other than Richmond claim an attorney's lien upon the judgment.   The defendants, for a separate defense, set up that H. F. Bloch, who died May 6, 1884, was the husband of the defendant Adelaide

Bloch, and the father of Bessie, Viola, Sophie, and Bertha Bloch; that prior to the —— day of ——, 1879, he was the owner of the real property in controversy; that, being in feeble health, and contemplating a removal from his home, in Portland, Oregon, he did, at the solicitation and persuasion of the defendant Adelaide Bloch, convey said property to her, relying upon her verbal representation and agreement that she would hold the same in trust for their children, her co-defendants herein; that she accepted said conveyance with the full understanding, agreement, and trust that she was to convey said property to their said children; that meanwhile she merely held the same in trust for them, and with the purpose of terminating said trust, and not otherwise, she made the conveyance complained of. It is not averred that plaintiffs had any notice or knowledge of the alleged trust. A demurrer to this defense was sustained, and, a decree having been rendered for plaintiffs, the defendants appeal.

It is claimed on the part of defendants that, the verbal or parol trust having been executed by the deed of the property to the children, such deed cannot now be set aside; while, on the other hand, it is contended that, as the alleged trust rests in parol, it is within the statute of frauds and is incapable of establishment, and that, not having been executed until plaintiffs' claim for damages had accrued, the defendant Adelaide Bloch could not dispose of the property by voluntary conveyance, to the prejudice of plaintiffs, and therefore that it is subject to be applied to the satisfaction of the judgment. And this is the only question presented.

That Richmond is one of those protected by statute against the conveyance of any estate or interest in lands with the intent and for the purpose of defrauding "creditors or other persons of their lawful suits, damages, forfeitures, debts, or demands" (Hill's Ann. Laws, § 3059),

does not seem to be controverted. We will proceed, therefore, upon the assumption that such was his status, and, the deed having been made subsequent to the date upon which the action accrued, he is entitled to have it set aside if fraudulent. This is unlike the ordinary case where suit is brought to set aside the conveyance of a debtor, in that the debtor in this case, and those claiming under her, aver that she was a mere trustee of the property for the use and benefit of her co-defendants; and, as tested by the demurrer, the averment must be taken as true. It is clear that an express trust resting in parol falls within the statute of frauds, and is incapable of being established: Hill's Ann. Laws, § 781. "Wherever this statute," says Mr. Perry in his valuable work on Trusts (vol. 1 [5 ed.], § 79), "or the substance of the statute, is in force, express trusts in realty cannot be proved by parol. * * * They must be manifested or proved by some writing signed by the party to be charged with the trust. They need not be created and declared in writing, but only manifested or proved by writing; for, if there be written evidence of the existence of the trust, the danger of parol evidence, against which the statute was directed, is effectually removed." In support of this proposition, see, also, *Hansen v. Berthelson*, 19 Neb. 433 (27 N. W. 423); *Lawson v. Lawson*, 117 Ill. 98 (7 N. W. 84); *Kelly v. Karsner*, 72 Ala. 106; *Hutchinson v. Tindall*, 3 N. J. Eq. 357; *Smith v. Howell*, 11 N. J. Eq. 349.

It is not necessary, however, that the writing declarative of the trust should have been executed contemporaneously with the instrument under which the *trustee* acquired and holds the property. Any subsequent acknowledgement thereof, by deed or other writing, sufficiently clear and explicit in its terms and conditions to manifest the purpose and capacity in which he holds, will

36 OR.—38.

fulfill the demands of the statute, and supply the requisite evidence by which to establish the trust : *Smith* v. *Howell*, 11 N. J. Eq. 349 ; *Cain* v. *Cox*, 23 W. Va. 594 ; *Price* v. *Brown*, 4 S. C. 144 ; *Gardner* v. *Rowe*, 2 Sim. & S. 346. In *Cain* v. *Cox* the declaration of trust was in the nature of a title bond executed by the grantee some six years after the conveyance to her by deed under which the trust was claimed. In *Smith* v. *Howell* the declaration of trust was signed ten years after the making of the deed, and in *Gardner* v. *Rowe* there was a declaration after an act of bankruptcy had been committed ; and in all these cases the writing was held to be sufficient and competent by which to establish the trust. The adjudicated purpose of the statute, however, is not to declare such a parol or verbal trust illegal, and therefore a nullity. But the trustee may elect to perform the conditions thereof, notwithstanding the absence of compulsory power ; and the courts will, if he chooses to act upon his verbal promise, protect him in the execution of the trust, and, as far as possible, will protect the beneficiaries in the enjoyment of the fruits of its execution, and when once the trust is executed it cannot be revoked : 1 Perry, Trusts (5 ed.), §§ 76, 77 ; *Eaton* v. *Eaton*, 35 N. J. Law, 290 ; *Karr* v. *Washburn*, 56 Wis. 303 (14 N. W. 189). In *Sieman* v. *Austin*, 33 Barb. 9, it was sought to subject the interest of an apparent owner of land to the lien of a judgment creditor after a conveyance to the real owner in execution of a trust which rested in parol. The trust was express in its nature, and the question was whether parol evidence could be received, under the circumstances, to support the deed to the *cestui que* trust. In deciding the case, EMOTT, J., said : "The law refuses its aid to enforce agreements creating trusts or charges upon lands when they rest altogether in parol, not because the trusts are therefore void, but because it will not permit them to be proved by such

evidence. But when a person who has received the title to lands purchased for the benefit of another, although without having declared the fact in writing, recognizes and fulfills the trust, it is not the duty of a court to deny its existence. * * * If he fulfills the trust by conveying the property to the true owner, there is no rule of equity which will impeach the title thus acquired."

While the land was in the name of Adelaide Bloch, although she held under the parol trust, and was not in fact or in good morals, according to the allegations of the answer, the real owner, she could have, under the authorities, repudiated the trust, and sold or incumbered the property, at her absolute will and discretion ; and no one could have said aught against it or disturbed the transaction, because the real character in which she dealt with the property would not have been susceptible of proof. But, acting upon her alleged moral obligation, she executed the trust after the plaintiffs' demand against her accrued, by conveying to the alleged *cestuis que trustent*. Now, can she and the *cestuis que trustent* justify her act in this regard against any right that plaintiffs may possess to have their demands satisfied out of this property? As between the parties to the transaction, it is clear there can be no revocation of the executed trust. But the plaintiffs, who are not parties thereto, seek to have the transaction which consummated the parol trust engagement set aside as fraudulent and void because in contravention of their rights as creditors. A creditor has the right to have the debtor's property applied to the payment of his debts, but not the property of another, unless it may be in some instances where he has been misled to his disadvantage in reliance upon the acts of those to whom it belongs. Now, in order to support the defense, it is necessary to prove the parol trust, which is a link in the chain of transactions leading to the executed trust. The case

is different, upon authority, from one where the trust is yet executory, and the attempt is to enforce it. The parol trust has now become an incident in the history of its consummation, while, as in the other event, it stands as an obligation of the trustee, not susceptible of legal establishment, and the question is whether the trust can be proved for the purpose of showing that the same has been executed. This question has been explicitly answered in the affirmative in *Moore* v. *Cottingham*, 90 Ind. 239. That was a case where the husband had through *mesne* conveyances deeded certain lands to his wife, pursuant to a parol agreement that the title should be held by her in trust for him, in order to preserve the property and prevent him from squandering it. In the execution of the trust, the wife, without joining with her husband, conveyed to their son, and he to the husband. The husband afterwards conveyed to the appellants, who sued to enjoin the sale of an undivided interest in the land under an execution issued upon a judgment against one of the heirs of the wife ; it being claimed that the wife's deed was void because her husband had not joined with her in its execution. It was said in the course of the opinion that "such trust, as before remarked, cannot be enforced, but, if it has been executed, the same will be upheld and sustained ; and for this purpose proof of the facts will be allowed, though the trust rests in parol."

The same question arose in a later case,—that of *Hays* v. *Reger*, 102 Ind. 524 (1 N. E. 386). In that case William Reger conveyed by absolute deed, without consideration, to John Stump, upon a parol trust that the title should be held for the benefit of Reger. Subsequently Stump and wife, by direction of Reger, conveyed to Reger's wife. While the legal title was in Stump, Hays and Wiles recovered a judgment against him, and they sought to have the proceeds of the premises applied to the

satisfaction of their judgment. MITCHELL, C. J., speaking for the court, said : "The question is not whether the parol trust may be enforced, but, the parties having voluntarily executed it, is it competent to aver and prove that it existed, in order to defeat the apparent lien of Hays and Wiles' judgment?   *   *   *   This statute [referring to the Indiana statute], as also the statute of frauds, was enacted, not that parties might avoid trusts which were executed, but rather to enable them, in case of an attempt to enforce such trusts while they remain executory, to insist on certain modes of proof in order to establish them. The trust having been executed, we need not determine whether it was one arising by implication of law, or whether it was an express trust. Whether it was one or the other, the parties having voluntarily executed it, the authorities are that it may be proved by parol for the purpose of showing that the apparent owner had no interest which was subject to the lien of a judgment against him." That case is much stronger than the one at bar, because it was there claimed that the plaintiff had obtained a lien against the property through the judgment while in the hands of Stump. But in the case at bar no lien of that nature can be claimed. So that the case rests solely upon the relation which the plaintiff sustains to Adelaide Bloch as a mere "creditor or other person" entitled to have the property of the judgment debtor applied to the satisfaction of his judgment. In the case of *Sicman* v. *Austin*, 33 Barb. 9, the court said : "A debtor will not be permitted to convey away his property, either real or personal, and relieve it from the incumbrances occasioned by his debts ; but there is nothing to prevent his restoring to others their property, if it has been placed in his hands. Nor is there any reason why the property of others should be subjected to the payment of his debts, if he is honest enough to refuse to avail himself of an op-

portunity to use it for that purpose." In further support of this doctrine, see *Borst* v. *Nalle*, 28 Grat. 423. It is manifest, under these authorities, that the defendant Adelaide Bloch could, as against the claim of the plaintiffs, lawfully convey the property in question, in so far and to the extent that she held the same in trust, to the *cestuis que trustent*, according to her verbal promise, if she chose to do so, and thereby discharge her moral obligation to them, and that, having executed the trust in accordance with the verbal undertaking, even though executed subsequent to the time the claim of plaintiff accrued, the law will not only uphold the transaction upon her part, but will protect the *cestuis que trustent* in the enjoyment of the property thus conveyed to them.

The defendants have set up another defense, also, by way of set-off, to which a demurrer was sustained, but there was only the one question insisted upon here. Hence the demurrer will be overruled as to the defense here discussed, and sustained as to the other, and it is so ordered. The cause will be remanded for such further proceedings as may seem meet in the premises.      REVERSED.

<div align="center">

Decided 20 February, 1899.