## TONKAWA NAT. BANK v. DYSON *et al.*

### No. 2398.    Opinion Filed March 11, 1913.

#### (130 Pac. 924.)

**FRAUDULENT CONVEYANCES—Creditor's Action—Statutes.** Where a daughter received by deed real estate from a parent under a parol agreement that such conveyance was made for the purpose of expediting a sale by the parent, who was about to leave the state, and that the daughter would convey upon such sale's being made, or upon request of the parent, and where no sale was made, but the daughter thereafter by deed reconveyed the property to the parent, such property will not be subjected to the claim of a judgment creditor of the daughter whose judgment was obtained after the agreement had been carried out in good faith by the daughter, merely because, under section 7267, Comp. Laws 1909, she was at liberty to refuse to carry out the parol agreement.

(Syllabus by the Court.)

*Error from District Court, Kay County;*
*W. M. Bowles, Judge.*

Action by the Tonkawa National Bank against Maud K. Aldrich Dyson and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*W. S. Cline* and *C. L. Pinkham,* for plaintiff in error.

*John S. Burger,* for defendants in error.

HAYES, C. J.   Plaintiff in error instituted this action in the court below to obtain a decree of court declaring to be fraudulent and void a certain deed executed by defendants in error F. A. Dyson and his wife, Maud K. Aldrich Dyson, and to set aside and cancel said deed and to have declared that a certain judgment now owned by plaintiff in error constitutes a lien upon the real estate purported to have been conveyed by said deed, and for an order directing the sale of said property to satisfy said lien.

The only specification of error set out in plaintiff's brief with argument and authorities in support thereof in sufficient

compliance with rule 25 of this court (20 Okla. xii, 95 Pac. viii) to require consideration, is that the trial court committed error in sustaining a demurrer to plaintiff's evidence. The evidence consists wholly of the testimony of defendant in error Maude K. Aldrich Dyson, hereafter referred to as Maud K. Dyson, and of certain exhibits introduced in connection with her testimony. The substantial facts established by this evidence are as follows: Maud K. Dyson is the daughter of her co-defendant, Nancy E. Aldrich. On June 23, 1902, Nancy E. Aldrich was the owner of lot 11 in block 16 in the town of Tonkawa in this state. On this date she and her husband executed to their daughter Maud K. Aldrich a deed. Thereafter their daughter was married to F. A. Dyson, nominal defendant in this action. On January 15, 1906, defendants F. A. Dyson and Maud K. Dyson executed to the Tonkawa State Bank their promissory note for the sum of $2,500, with interest and attorney's fees, payable 60 days after date. On May 16, 1906, Maud K. Dyson and F. A. Dyson executed and delivered to defendant Nancy E. Aldrich their deed, reconveying to Nancy E. Aldrich the lot in controversy. This deed was duly filed for record on May 9, 1906. On May 3, 1906, the Tonkawa State Bank instituted an action against Maud K. and F. A. Dyson on the above-named promissory note and reduced same to judgment on the 7th day of December, 1907. Thereafter this judgment was duly assigned by the Tonkawa State Bank to plaintiff in error. Prior to the rendition of this judgment an attachment was sued out by the Tonkawa State Bank and levied upon the lot in controversy; but no judgment of any kind upon this attachment was ever rendered. After judgment upon the note was rendered, an execution was issued and a return thereon made that no goods could be found. The circumstances under which the deed of June 23, 1902, was executed by Nancy E. Aldrich to Maud K. Dyson were that Nancy E. Aldrich and her husband were making preparation to move from the state, and they desired to place the property in controversy, which belonged to Nancy E. Aldrich, in the name of their daughter, who was to remain in the state, in order to facilitate and expedite a sale and conveyance of said property. Maud

K. Dyson paid no consideration whatever for said property. At the time of the conveyance to her, there was a mortgage upon it for the sum of $1,000, payments on which have since been paid by Maud K. Dyson. After the death of her father, it was suggested by one of her brothers to Maud K. Dyson that she should reconvey the property to her mother, in order that, if the mother should die, no embarrassment would result in the administration of the estate, and Maud K. Dyson thereupon executed the deed of conveyance to her mother, which recites a consideration of $2,000, but in fact she received no sum whatever for said conveyance.

By section 7267, Comp. Laws 1909, it is provided that no trust in relation to real property is valid unless created or declared:

"(1) By a written instrument, subscribed by the trustee (trustor) or by his agent thereto authorized by writing; (2) by the instrument under which the trustee claims the estate affected; or (3) by operation of law."

Under this statute and the facts above stated, it is the contention of plaintiff in error that evidence of the parol agreement between the daughter and mother as to the purpose for which the deed to the daughter was made is not competent; and that the reconveyance by the daughter to her mother, without further consideration, was fraudulent as to the creditors of the daughter, Maud K. Dyson. This contention must, we think, both upon authority and sound reason, be overruled. This case does not present a contest between the trustee and the *cestui que trust* for the enforcement of a trust resting in parol. The trust has already been executed by the parties thereto. The effect of plaintiff in error's contention is that the trustee by executing the parol trust committed fraud against him, her judgment creditor, whose judgment and any lien created thereby was not obtained until after the trust had been executed. However void the parol agreement between Maud K. Dyson and her parent might have been, in an action against her by her parents for the enforcement thereof, it was not so far an absolute nullity that the courts will not protect the trustee in the execution of the trust. where

she has chosen to execute it, and will not, as far as possible, protect her mother, the beneficiary, in the enjoyment of such execution. 1 Perry on Trusts, sec. 76; *Karr v. Washburn et al.,* 56 Wis. 303, 14 N. W. 189. Although there was no contract between Maud K. Dyson and her mother executed in such term prescribed by law that the courts will enforce, it did create a moral obligation upon Maud K. Dyson to convey the land involved upon request of her parents. She, in fact, had no interest in the property whatever; and her creditors cannot complain that she did not retain porperty which did not belong to her in order that they might subject it to the payment of her debts to them.

In an early and leading case upon this question, it was said:

"A debtor will not be permitted to convey away his property, either real or personal, and relieve it from the incumbrances occasioned by his debts; but there is nothing to prevent his restoring to others their property, if it has been placed in his hands; nor is there any reason why the property of others should be subjected to the payment of his debts, if he is honest enough to refuse to avail himself of an opportunity to use it for that purpose." (*Sieman v. Austin et al.,* 33 Barb. [N. Y.] 9.)

Evidence of the parol agreement between Maud K. Dyson and her parents was not introduced for the purpose of enforcing the trust, but to establish the facts surrounding the transaction by which she conveyed the property back to her mother and to establish that it was not conveyed in fraud of creditors. That it was competent for this purpose, the authorities sustain. *Richmond v. Bloch,* 36 Ore. 590, 60 Pac. 385; *Desmond v. Myers,* 113 Mich. 437, 71 N. W. 877; *Farnham v. Kennedy,* 28 Minn. 365, 10 N. W. 20; *Gallman v. Perrie et al.,* 47 Miss. 131.

The judgment of the trial court is affirmed.

KANE, DUNN, and TURNER, JJ., concur; WILLIAMS, J., not participating.