Argued December 15, 1926, affirmed January 18, former opinion
adhered to February 23, 1927.

## MARY P. NOYER, ADMINISTRATRIX, *v.* JOHN MONTAG.

### IN RE ESTATE OF AMELIA MENDE DITCHBURN.

(252 Pac. 89.)

**Trusts—Evidence Held not to Show Breach of Trust in Conveying to Grantor Who was also Beneficiary and Her Husband as Tenants by Entirety.**

In administratrix's suit for damages for breach of trust, evidence *held* not to show that defendant wrongfully executed and delivered deed of trust property to decedent and her husband as tenants by the entirety without authority from her or in violation of his trust.

Equity, 21 **C. J.**, p. 210, n. 33, 34, p. 212, n. 48.
Trusts, 39 **Cyc.**, p. 513, n. 67.

From Multnomah: T. E. J. DUFFY, Judge.

Department 1.

This is a suit in equity by the plaintiff Mary P. Noyer as administratrix of the estate of Amelia Mende Ditchburn, deceased, against defendant John Montag to recover damages for the breach of a trust. The trial court dismissed the suit on its merits. Plaintiff appeals.

It is set forth in the complaint, in so far as necessary for an understanding of the case, that Amelia Mende Ditchburn, during her lifetime, was married and had as the issue of her first marriage a son, Carl Mende, who is the sole heir at law of decedent, Amelia Mende Ditchburn.

That on the fifteenth day of March, 1919, the said Amelia Mende Ditchburn was the wife of one John Ditchburn, her second husband; that she was the

See 10 **R. C. L.** 396, 400.

owner in fee simple of the following described premises, to wit: Lot 1 in block 29, Multnomah, within the City of Portland, county of Multnomah, State of Oregon. That on the fifteenth day of March, 1917, said decedent at the solicitation and request of her husband, John Ditchburn, and without any consideration therefor, executed and acknowledged a quitclaim deed to said property to the defendant John Montag; that she then placed said deed within an envelope and delivered the same to the defendant, and requested him to hold said deed for her; that defendant accepted the deed and thereby acknowledged the legal title to the property to be held in trust by him for said decedent; that the defendant, on or about the thirty-first day of July, 1919, when the decedent was confined in a hospital, ill and in the expectancy of death, and about four weeks before her death, without her knowledge or consent, unlawfully and in violation of the obligation of said trust, delivered the possession of said deed to John Ditchburn, husband of decedent, and thereupon without any instructions or authority of decedent, and against her consent, and in violation of the obligation of his trust, made, executed, acknowledged and delivered to the said John Ditchburn and to Amelia M. Ditchburn, the legal title to said property as tenants by the entirety; that thereupon said John Ditchburn caused both of said deeds to be duly recorded in Multnomah County; that thereafter on the twenty-ninth day of August, 1919, the said Amelia M. Ditchburn died intestate; that on the fourteenth day of January, 1921, said John Ditchburn by warranty deed conveyed said property to L. B. and Clela Patterson for the sum of $3,600, these persons being *bona fide* purchasers for value and that thereby said property was placed beyond the reach of plain-

tiff or of Carl E. Mende, decedent's sole heir at law; that by reason of said breach of trust the estate of Amelia Mende Ditchburn suffered the loss of said property and is damaged in the amount of the value thereof.

The answer of the defendant, after denying some of the allegations of the complaint, avers in substance: That on or about the fifteenth day of March, 1917, Amelia M. Ditchburn and her husband, John Ditchburn, requested defendant to permit the said Amelia M. Ditchburn to convey to the defendant the property described in the complaint; that as an accommodation to her and to her said husband the defendant accepted a deed thereof without any benefit to him and kept said deed in his possession until on or about the thirty-first day of July, 1919, when at the request of the said John Ditchburn he delivered said deed to him and without consideration executed and delivered to him a deed of said premises herein to the said John Ditchburn and Amelia M. Ditchburn, husband and wife, as grantees.

That the said Amelia Mende Ditchburn had knowledge of the surrender of the said deed and of the delivery of the other deed above mentioned to said John Ditchburn, soon after the date of such surrender and delivery, and that the same is true as to Carl Mende, son of Amelia M. Ditchburn, mentioned in the complaint; and that the claim of the plaintiff herein attempted to be asserted in said complaint is stale and that said Amelia M. Ditchburn, as well as her son, Carl E. Mende, and the plaintiff in this suit, are guilty of laches in the premises.          AFFIRMED.

For appellant there was a brief over the names of *Messrs. Kaste & Rand* and *Mr. Tyson Kinsell,* with an oral argument by *Mr. Irving Rand.*

For respondent there was a brief over the names of *Messrs. Clark, Middleton, Clark & Skulason* and *Mr. John R. Downs,* with an oral argument by *Mr. Alfred E. Clark.*

BEAN, J.—It will be noticed that the person for whose benefit this suit is brought is Carl E. Mende, the heir of Amelia Mende Ditchburn. Some time before this suit was brought he filed a claim against the estate of John Ditchburn for the value of the property involved herein. This claim was later withdrawn and another filed, and the latter claim was heard before the department of probate of the Circuit Court of Multnomah County. Considerable testimony was taken and a number of exhibits were introduced. On October 3, 1923, a decree was entered disallowing the claim. Upon the trial of this suit all of the evidence taken upon the hearing of the matter of the claim of Carl E. Mende was received as evidence herein, subject to objection, and some additional evidence was taken.

As it appears from the record, Amelia M. Ditchburn was divorced from W. T. Mende some time in 1909, and in 1912 she became the wife of John Ditchburn, who some time prior thereto had been divorced from his first wife. There were no children as the issue of John Ditchburn's first marriage.

Carl E. Mende, the son of Amelia Mende Ditchburn and W. T. Mende, is the only child and sole heir at law of Amelia M. Ditchburn. The marriage relations between John Ditchburn and Amelia M. Ditchburn continued up to the time of the death of the latter, on August 29, 1922.

The deed which Amelia M. Ditchburn executed to John Montag bears date of March. 15, 1917. At the

time the deed was delivered John Montag examined the instrument and asked Mrs. Ditchburn if it was her desire to deed that property to him, and upon her answering in the affirmative, he said, "All right." This transaction occurred in the office of John Ditchburn, who was a practicing attorney. The witnesses to the deed, and perhaps some other persons, were present. The deed which John Montag executed to John Ditchburn and Amelia M. Ditchburn, husband and wife, is dated July 31, 1919, and was recorded on the same day.

The testimony shows that the property possessed by Mr. and Mrs. Ditchburn at the time of their death was mostly acquired after their marriage. Prior to their marriage the real estate in controversy was purchased for the sum of $2,100, $1,400 of which consisted of a mortgage thereon, and $700 in cash. The title was taken in the name of Amelia Mende. The testimony, consisting of the personal check of John Ditchburn, tends to show that he paid the $700 for the property and paid for valuable improvements made thereon.

On the date of the deed from Mrs. Ditchburn to John Montag, March 15, 1917, the mortgage mentioned had been reduced to the sum of $1,000, a new mortgage was executed to another mortgagee, and the old mortgage was canceled. Afterwards it appears that John Ditchburn, or his estate, paid the $1,000 mortgage.

After the marriage of Mr. and Mrs. Ditchburn they obtained two or three parcels of real estate and it was their arrangement and custom to deed the property to both John Ditchburn and Amelia Mende Ditchburn, husband and wife, thereby creating an estate by the entirety. This appears to have been well

understood by Mrs. Ditchburn. According to her oral and written statements she understood the nature of the estate by the entirety and well understood the arrangement between herself and her husband, as to the manner of holding the real estate acquired by them, or either of them.

After the deed from Mrs. Ditchburn to J. Montag and the deed from John Montag to John Ditchburn and Amelia M. Ditchburn, husband and wife, were recorded July 31, 1919, and thereafter appeared in a publication of abstract of titles, some question was raised in regard to the deed to Mr. and Mrs. John Ditchburn. John Downes, partner in practice of the law with John Ditchburn, testified that he informed Carl E. Mende of the existence of the deed from his mother to John Montag and also that he conversed with Mrs. Ditchburn in regard to the matter, and advised them that if there was any question in regard to the deeds they should investigate the same and perhaps take the deposition of Mrs. Ditchburn in order to obviate further trouble. Nothing appears to have been done to question the transaction until after the death of both Mrs. Ditchburn and John Ditchburn: 21 C. J. 210, § 211; *Wilson* v. *Wilson,* 41 Or. 46 (69 Pac. 923); *Reid* v. *Savage,* 59 Or. 301 (117 Pac. 306); 10 R. C. L., § 43, pp. 396, 400.

Carl Mende in his testimony admits that Mr. Downes gave him such advice and told him to consult a lawyer. He states that he consulted a lawyer soon after his mother's death.

From a careful examination of the evidence, both oral and written, we are firmly convinced that the execution and delivery of the deed of the property by defendant John Montag to John Ditchburn and Amelia Mende Ditchburn, husband and wife, thereby

creating an estate in the entirety, was in conformity to the prior understanding and agreement between John Ditchburn and Amelia M. Ditchburn in regard to all of their real estate, and that the matter was well understood by Mrs. Ditchburn: *Richmond* v. *Bloch,* 36 Or. 590 (60 Pac. 385).

When they were married, he was considerably older than she and it was evidently expected that she would outlive him. After a time both of them were afflicted with cancer. Mr. Ditchburn lived about three years longer than Mrs. Ditchburn.

According to plaintiff's witness, "at one time she (Mrs. Ditchburn) said she hoped she would outlive Judge (Ditchburn) so that Carl would have his share." It appears that Mrs. Ditchburn thoroughly understood the nature of an estate by the entirety, and was well satisfied that she and Mr. Ditchburn should hold the property acquired by them, including that in controversy, in that manner.

At the time of the execution and delivery of the deed of Mrs. Ditchburn to the defendant, John Ditchburn, her husband, superintended the transaction. John Montag had good reason to believe, at the time he executed the deed to Mr. and Mrs. Ditchburn, the husband had full authority, and was directing the carrying out of the agreement between himself and his wife when he requested the defendant to execute the deed to Mr. and Mrs. Ditchburn, husband and wife. Montag had no reason to believe otherwise. If, at the time Mrs. Ditchburn was unwilling to have her husband look after the matter for her, as he did, when the deed to Montag was executed in equity and good conscience, she should have informed Montag of that fact.

It appears from the record that it was her desire, if she could do so without the knowledge of her husband, to make some arrangement whereby her son, Carl Mende, would inherit the property in question. This is indicated by statements that she wrote declaring that she never executed a deed of the Faling Street property, as the property in dispute is called. This was done by her at a time when she was in a serious physical condition and perhaps under the influence of opiates given to alleviate pain.

On November 8, 1915, John Ditchburn executed a will devising and bequeathing all of his property, both real and personal, to his wife Amelia M. Ditchburn. On September 4, 1919, after the death of Mrs. Ditchburn, Mr. Ditchburn in the presence of a witness, over his signature, marked the will as revoked. The will was evidently executed to carry out the agreement with his wife to the effect that the survivor of the two should have all of their property.

We find that the evidence does not sustain the allegations of the complaint to the purport that the defendant wrongfully, without authority from decedent Amelia M. Ditchburn, or in violation of the obligations of his trust, executed and delivered to John Ditchburn and Amelia Mende Ditchburn the legal title to said real property. Mrs. Ditchburn and Carl Mende had knowledge of such conveyance and made no objection thereto, but acquiesced in the same.

The equities are with the defendant. The decree of the trial court was right and is affirmed.

AFFIRMED.    FORMER OPINION ADHERED TO.

BURNETT, C. J., and McBRIDE and COSHOW, JJ., concur.