**185 P.2d 767**

**PARKER et al. v. GENTRY.**

**No. 4920.**

Supreme Court of Arizona.

Oct. 20, 1947.

190

Frazier & Clark, of Phoenix, for appellant Bessie Parker.

Corbin & Orme, of Phoenix, for appellants Mary Bess Haskins and Jean Parker.

Jennings & Tenny, of Phoenix, for appellee.

STANFORD, Chief Justice.

Howard Gentry, appellee herein, was plaintiff in the lower court in an action to quiet title to Lot 4 in Sparks Tract, Maricopa County. The defendant was Bessie Parker, who is appellant herein.

George Parker was the husband of Bessie Parker, this defendant, and he died November 20, 1932. Plaintiff testified that in 1927 he was the owner of a block of land east of Phoenix, which he traded to one McLouth, his equity being approximately $1700. The trade was for the said Lot 4, Sparks Tract. The title of the property procured from McLouth, so plaintiff contends, was placed in the name of Gentry's friend, Lee Comer, because Gentry intended at that time to go to South America. Later Gentry says he had Comer transfer the property in trust to this defendant, Bessie Parker. At the time of the transfer to appellant she was working for this plaintiff and living at his home in Sparks Tract, receiving a wage of $50 per month as cook.

In August, 1929, defendant Bessie Parker sued George Parker for a divorce. She submitted evidence and received an order for judgment, but never had the same signed or filed. George Parker, believing a decree had been entered, remarried and as issue of that marriage the two intervenors herein were born. When this action was brought, the court on application of said intervenors allowed them to file their pleading herein.

This appeal comes from the second trial of this cause in the lower court, an appeal having been taken in the first trial which is reported in 62 Ariz. 115, 154 P.2d 517. We now adopt the facts so plainly stated in that opinion of this court for the completion of the facts to be applied to this case, excepting, however, the error in the statement of facts in that cause wherein it states, "Mary Bess Parker was the daughter of Mrs. Parker's husband by a former wife." The facts heretofore related set forth the true statement as to the parentage of these intervenors.

Five interrogatories were submitted to the jury trying this case in the trial court and the jury found in favor of plaintiff in all of them. In harmony with the consistent answers to those interrogatories the court rendered its judgment quieting plaintiff's title to the lands in question, and from that judgment and the order of the trial court denying motions for a new trial, both defendant and intervenors have appealed to this court.

The defendant and intervenors, between whom there appears to be no conflict, submit eleven assignments of error alleged to have been committed by the trial court. We find it necessary, because of the length of the assignments, to condense them in our attempt to express the objections found,

192

with the belief that we will cover the things complained of by the parties essential to a proper disposition of the case, by presenting the following:

1. The court erred in the admission of the oral testimony by which it was attempted to engraft upon a deed absolute an oral express trust for the reason that under the laws of the State of Arizona an express trust in real estate can only be proved by an instrument in writing.

2. The court erred in submitting interrogatories one to five inclusive, to the jury for the reason that said interrogatories present questions of law and not questions of fact for the determination of the jury.

3. That the court erred in denying the motion for leave to file motion for new trial on the grounds of newly discovered evidence.

4. The court erred in not holding that the accord and satisfaction introduced in evidence barred any claim of plaintiff.

The interrogatories submitted to the jury in this instance were as follows:

"Interrogatory No. 1. Was the Deed to Lot 4 of Sparks Tract of November 3, 1927, from C. B. McLouth to Lee Comer received by Lee Comer as trustee for Howard Gentry, the Plaintiff in this case? Answer—Yes."

"Interrogatory No. 2. Was the deed to Lot 4 of Sparks Tract of August 1, 1928, from Lee Comer to Bessie Parker received by Bessie Parker as trustee for Howard Gentry, the plaintiff in this case? Answer—Yes."

"Interrogatory No. 3. Did the agreement entered into on the 1st day of August, 1933, between I. H. Gentry and Bessie Parker operate as a relinquishment of whatever right Howard Gentry claimed to have in the property described as Lot 4 of Sparks Tract? Answer—No."

"Interrogatory No. 4. Was the deed executed by Bessie Parker October 1, 1941, as grantor to I. Howard Gentry as grantee given by Bessie Parker as trustee to I. Howard Gentry as the rightful owner of Lot 4 of Sparks Tract? Answer—Yes."

"Interrogatory No. 5. Was the deed from Howard Gentry to Bessie Parker, given on the 17th day of July, 1942, intended as an absolute conveyance of Lot 4, Sparks Addition, to Bessie Parker? Answer—No."

Defendants correctly contend that an express trust in real property cannot be proved by parol. In that connection they cite the case of Solomon v. Solomon, 62 Ariz. 311, 157 P.2d 605, and also our own statute, Sec. 71-401, A.C.A.1939, the latter reading as follows:

"No estate of inheritance or freehold or for a term of more than one [1] year, in lands or tenements, shall be conveyed from one to another unless the conveyance be declared by an instrument in writing, subscribed and delivered by the party disposing of the same, or by his agent thereunto authorized by writing."

Supporting the foregoing is the citation of the case of Cashion v. Bank of Arizona, 30 Ariz. 172, 245 P. 360; also Costello v. Cunningham, 16 Ariz. 447, 147 P. 701, and other citations.

Appellee, while conceding that an express trust cannot be proven by parol, contends that this principle has no application to the case at bar for the reason that this is a case where the trust at the time of the filing of this action was fully executed and performed and there was nothing remaining for the trustee to do, and maintains that the question raised in the trial court was whether or not there *had been* a trust. The competent evidence adduced by the plaintiff, which was evidently believed by the jury and the court, established that here the trust was fully performed and completely executed by the giving to this plaintiff by defendant, Bessie Parker, on October 1, 1941, a deed conveying the property in question. That act terminated the trust. It is to be noted that the present suit does not now seek to enforce a trust against defendant Bessie Parker, but rather the evidence so strenuously objected to by defendant was to establish that a trust relationship had previously existed.

That oral testimony is admissible to establish that an express trust had once existed, but that at the time of the filing of the action said trust had been fully executed and performed and there was nothing remaining for the trustee to do, is fully supported by many authorities, particularly the case of Sullivan v. Townsend, 30 Ariz. 63, 243 P. 913, 915. This action involved an executed oral agreement between a father and his children whereby the latter had conveyed to the former their interest in their mother's estate in consideration of his promise to keep the title to all of their property in his name and that before death he would by will devise and bequeath said property to his children. The father remarried and then proceeded to violate his agreement to his children by conveying to his present wife, as well as others, portions of the property. The trial court held that oral testimony was not admissible to establish the trust agreement on the part of the father to make a will of real property. This court reversed the lower court stating:

"This court is of the opinion that said alleged oral agreement is within the statute of frauds, but was taken without the operation of the statute of frauds because of the alleged complete performance by plaintiffs herein  *  *  *."

See also Polk v. Boggs, 122 Cal. 114, 54 P. 536; Richmond v. Bloch, 36 Or. 590, 60 P. 385; Hays v. Regar, 102 Ind. 524, 1 N. E. 386; DeVol v. Citizens' Bank, 92 Or. 606, 179 P. 282, 181 P. 985. In Richmond v. Bloch, supra, the Oregon Court said:

" *  *  * The case is different, upon authority, from one where the trust is yet executory, and the attempt is to enforce it. The parol trust has now become an incident in the history of its consummation, while, as in the other event, it stands as an obliga-

tion of the trustee, not susceptible of legal establishment, and the question is whether the trust can be proved for the purpose of showing that the same has been executed. This question has been explicitly answered in the affirmative in Moore v. Cottingham, 90 Ind. 239. That was a case where the husband had through mesne conveyances deeded certain lands to his wife, pursuant to a parol agreement that the title should be held by her in trust for him, in order to preserve the property and prevent him from squandering it. In the execution of the trust, the wife, without joining with her husband, conveyed to their son, and he to the husband. The husband afterwards conveyed to the appellants, who sued to enjoin the sale of an undivided interest in the land under an execution issued upon a judgment against one of the heirs of the wife; it being claimed that the wife's deed was void because her husband had not joined with her in its execution. It was said in the course of the opinion that 'such trust, as before remarked, cannot be enforced, but, if it has been executed, the same will be upheld and sustained; and for this purpose proof of the facts will be allowed, though the trust rests in parol.' * * *" [36 Or. 590, 60 P. 387]

■ Complaint is made that the interrogatories heretofore set·forth haec verba, which were submitted to the jury, were improperly framed in that they present questions of law as well as fact and that it is the province of the court to determine the law. We consider the assignment as without merit for the reason that said interrogatories appear to be concisely stated and squarely to the point. True there may be a mixture of law and fact incorporated therein but it must be remembered that the court fully instructed the jury as to what constituted a trust and to what they may look for evidence thereof. Furthermore, this being an equity matter the answers of the jury were only advisory and the court had the final say as to the judgment that should be entered. Also the interrogatories are a part of the instructions that are settled in chambers before oral argument commences and the record does not disclose that appellant made any objection at that time to the form of the questions submitted. Finally we do not know how these could be better stated.

■ Objection is made because of the denial of the motion for new trial on the grounds of newly discovered evidence. Actually no new evidence was discovered that could not have been as well found during the course of the trial. During the trial it was many times brought out that appellee had previously committed a Federal offense for which he had been subjected to both a fine and made a prisoner. The fact that at that time he had made an affidavit to the effect that he owned no property in order to escape the payment of the fine was a piece of evidence that might well have been discovered by diligence from the facts at hand at the time of trial. Therefore it was not

error to deny this motion. Phoenix R. Co. v. Beals, 20 Ariz. 386, 181 P. 379.

An important assignment of error challenges the court's holding that a certain instrument introduced in evidence designated by defendants as an accord and satisfaction barred the claim of plaintiff. The instrument was dated 1933. The consideration for giving it was for the transfer of a ten-acre piece of property, not the property involved herein, from the defendant Parker to plaintiff Gentry. The instrument further reads:

"And in consideration of the deeding over of the above described property the said I. H. Gentry releases the said Bessie Parker from any claims heretofore held against her, and the said Bessie Parker releases any claims she has against the said I. H. Gentry, and both parties hereto agree not to interfere with each others business or trespass on each other's property, and both parties mutually agree that this is a final settlement of their affairs between each other, and that they understand and agree to same."

The instrument was signed and sworn to.

■ It occurs to this court that the matter of holding the property in question herein in trust went right along just the same, both Gentry and Mrs. Parker continuing to occupy the premises at different times; Mrs. Parker all of the time. Thereafter on October 1, 1941, this defendant conveyed the property in question here to this plaintiff in the completion of the trust. The property in question was not mentioned in the settlement referred to and their relations in respect to the trust continued regardless of the same.

■ The plaintiff has raised the point that no consideration was given for the transfer of the deed of October 1, 1941. If, as found by the jury and court, this was merely a conveyance to terminate the trust, no consideration was necessary.

■ The rights, if any, of the intervenors arose through their relationship as the children and heirs at law of George Parker, deceased. It is their contention that the land here in question was purchased with community funds of George Parker and Bessie Parker. The jury having found that the title to this property was taken in the name of Bessie Parker as trustee and the court entering judgment consonant therewith, it necessarily follows that no community interest would arise and hence the intervenors have no interest whatsoever in the realty, title to which is here quieted in the plaintiff.

■ The trust relationship formerly existing between the plaintiff and defendant was important in this case only in settling the rights of the intervenors. The dispute between plaintiff and defendant, however, hinges on whether the second deed given by Gentry to Bessie Parker, that of July 17, 1942, was conditionally or absolutely delivered to the latter. That it was a condi-

tional delivery was determined by the answer given by the jury to interrogatory number five, supra, and they could properly arrive at such a conclusion from the evidence as it was established on the first appeal in Parker v. Gentry, supra, that whether or not a deed to realty was delivered so as to constitute a conveyance could be proved by parol, without violating the parol evidence rule. It is significant to note that interrogatory number five, supra, is identical with the sole interrogatory, submitted on the first trial. Both juries gave the same answer to it, and in the final analysis both trial judges approved of the jury's finding in that respect. For this reason we must here disagree with that part of defendant's assignments eight and nine to the effect that the findings of the jury and the judgment of the court have no support in fact or law.

This is a case of very conflicting evidence and it is fitting that we again call attention in cases of this kind to our expression in Dunseath v. Tucson Golf & Country Club, 51 Ariz. 14, 74 P.2d 43, 45:

"If there is any substantial evidence showing or tending to show that these mortgages were fictitious or were given by the officers of the club to delay and hinder its creditors, the decision of the jury and trial judge thereon will not be disturbed. Under such assignments, we do not weigh the evidence or undertake to say which way the scales turn. We examine the evidence only for the purpose of ascertaining whether it is sufficient reasonably to authorize or support the conclusions reached by the triers of the facts. That we might have decided it otherwise if sitting as the trier of the facts does not enter into the case."

In this respect in our case of Stewart v. Schnepf, 62 Ariz. 440, 158 P.2d 529, 538, we again laid down that wholesome rule by saying:

"* * * Appellant had the advantage of having the judge and jury hear and consider these contradictory actions. Nevertheless, a careful and conscientious trial judge, aided by a jury, heard the explanation of the witness, and both judge and jury were satisfied he was telling the truth, and their determination on that question is conclusive on this court * * *."

For the foregoing reasons this court affirms the judgment of the trial court.

LaPRADE and UDALL, JJ., concur.